UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH A. BROWN,

    Petitioner,

v.                                                                   Case No: 5:19-cv-582-Oc-33PRL

WARDEN, FCC COLEMAN – USP I,

    Respondent.

## ORDER DISMISSING CASE

Joseph Brown, *pro se,* is a federal inmate who initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Mr. Brown is serving a life sentence imposed in the Superior Court of the District of Columbia in 1998.  Mr. Brown argues that he is illegally in custody because he was deemed legally insane in 2009.  *Id.*  He previously raised this same argument in a § 2241 petition in this Court, which was dismissed on February 26, 2019.  (Case No. 5:18-cv-325-Oc-35PRL).

Typically, individuals seeking habeas relief in federal court must do so under 28 U.S.C. § 2255.  Mr. Brown was convicted in the District of Columbia; therefore, a remedy under that section was not available to him.  Instead, defendants convicted in District of Columbia Superior Courts may seek collateral review pursuant to D.C. Code § 23-110, which is comparable to the review authorized by 28 U.S.C. § 2255.  *See Watson v. United States*, 392 Fed. Appx. 737, 739 (11th Cir. 2010).  District of Columbia Code § 23-110(g) includes the following restriction:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section divests jurisdiction from federal courts over claims for habeas corpus relief absent a showing that § 23-110 is inadequate or ineffective.  *Watson*, 392 Fed. Appx. at 739

(citing *Swain v. Pressley*, 430 U.S. 372, 377-78 & n.10 (1977). The language of § 23-110 mirrors that of § 2255(e), which provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A petitioner can challenge the validity of a District of Columbia Superior Court conviction under § 2241 only if he or she can demonstrate that the exception or "savings clause" applies. Mr. Brown has not done so. His § 23-110 petition was denied. (Doc. 1.) Mr. Brown has not demonstrated that § 23-110 was inadequate to test the legality of his detention.

Further, the United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan,* 851 F.3d at 1079. "*McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Williams v. Warden, FCC Coleman*, 2020 WL 773016, at *2 (11th Cir. Feb. 18, 2020) (internal citations omitted).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. In the present case, the Court does not have subject matter jurisdiction over Mr. Brown's claims because he is not entitled to

pursue relief under § 2241.

Thus, pursuant to Fed. R. Civ. P. 12(h)(3), this case is DISMISSED for lack of jurisdiction. *See also* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief). The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE AND ORDERED at Ocala, Florida, on May 8, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Joseph A. Brown, *pro se*